**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3840-17T3

BANK OF AMERICA, N.A.,

     Plaintiff-Respondent,

v.

ENRIQUE ENCARNACION
and MR. RAMIREZ, husband
of MARLYN RAMIREZ,

     Defendants,

and

MARLYN RAMIREZ,

     Defendant-Appellant.

_____

        Submitted May 15, 2019 – Decided June 5, 2019

        Before Judges Alvarez and Reisner.

        On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-039826-15.

        Marlyn Ramirez, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

Defendant Marlyn Ramirez's appeal of a final judgment of foreclosure entered against her was denied in a May 23, 2018 unpublished opinion. Bank of America, N.A. v. Marlyn Ramirez, No. A-3448-16 (App. Div. May 23, 2018). While the appeal was pending, on March 29, 2018, the Honorable Barry P. Sarkisian, P.J. Chancery, denied Ramirez's motion to vacate or stay a writ of possession on the property, which she continued to occupy. We affirm for the reasons stated by Judge Sarkisian.

The judge explained no relief would be granted because Ramirez's request did not satisfy the Crowe v. De Gioia[1] standard. As he said, Ramirez had failed to articulate any basis on which her appeal would be granted. To the contrary:

> . . . at all stages of this litigation [Ramirez] failed to establish a genuine issue of material fact that would rebut [p]laintiff's right to foreclose.
>
> Moreover, [Ramirez] has failed to demonstrate that any irreparable harm will ensue should the [c]ourt grant the stay requested in the application. [Ramirez] only states that it would be a grave injustice to evict [Ramirez] pending the appeal; however, [Ramirez's] emergent motion to stay the eviction has already been granted . . . and adjourned from March 27, 2018 to May 31, 2018. Putting off the eviction pending the outcome of this appeal would unduly prejudice the [p]laintiff, since final judgment has already been entered, and

---

[1] 90 N.J. 126 (1982).

[Ramirez] has otherwise failed to show that it is likely to prevail on appeal.

Lastly, the [c]ourt finds that [the] balance of equities do not favor a stay of the writ of possession. [Ramirez] defaulted in February 1, 2015, and has been living in the property rent-free for a little over three years. This [c]ourt entered final judgment in this action, having previously found that [Ramirez] failed to rebut [p]laintiff's prima facie right to foreclose. For these reasons, the [c]ourt finds that it would be inequitable to further prolong the foreclosure process.

Ramirez's appeal of Judge Sarkisian's denial of a stay is grounded on her claim that, if the appeal was successful, to have allowed the eviction to proceed would work a grave injustice upon her and could harm an innocent third party. The appeal was not successful, however, and the final judgment of foreclosure was affirmed. The reasons stated by Judge Sarkisian contain no error of law, and although Ramirez may disagree, no error as to fact either.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3840-17T3